UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RAFAEL ALCANTARA, ALONSO GOMEZ, CELESTINO JUAREZ, VASILICHIA BABU, KHIM CHAND, ANGEL DE LA CRUZ, TESFAYE GHEBREMEDHIN, RATHIN DUTTA GUPTA, LUIS MEJIA, ANTONIO MEROLLA, ROLANDO MONTANO, RUSSELL NEUBERT, TAGLIARENI SALVATORE, MUSOVIC SMAIL, JUAN F. TORRES, Individually, and On Behalf Of All Others Similarly Situated,

Case No.
ECF Case

**CLASS ACTION COMPLAINT**

Plaintiffs,

v.

BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND PENSION PLAN, and BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND BOARD OF TRUSTEES, as Plan Administrator,

**'11 CIV 01471**

**JUDGE MOTZ**

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiffs, RAFAEL ALCANTARA, ALONSO GOMEZ, CELESTINO JUAREZ, VASILICHIA BABU, KHIM CHAND, ANGEL DE LA CRUZ, TESFAYE GHEBREMEDHIN, RATHIN DUTTA GUPTA, LUIS MEJIA, ANTONIO MEROLLA, ROLANDO MONTANO, RUSSELL NEUBERT, TAGLIARENI SALVATORE, MUSOVIC SMAIL, JUAN F. TORRES, individually and on behalf of others similarly situated, as class representatives, by and through their undersigned attorneys, SAPIR & FRUMKIN LLP, for their Complaint against Defendants, the Bakery and Confectionery Union and Industry International Pension Fund Pension Plan, and the Bakery and Confectionery Union and Industry International Pension Fund Board of Trustees, as Plan

Administrator, allege the following:

## I. PRELIMINARY STATEMENT

1. Plaintiffs, participants in the Bakery and Confectionery Union and Industry International Pension Fund Pension Plan ("the Plan"), bring this action on their own behalf and on behalf of all similarly situated participants, their beneficiaries and Estates, pursuant to the Employee Retirement Income Security Act of 1974, as Amended ("ERISA"). They ask the Court, *inter alia*, to declare that the amendment to the Plan, effective July 1, 2010, which changes the rule that permits participants to "age into" eligibility for Plan G ("Golden 80") and Plan C ("Golden 90") violates ERISA's anti-cutback provision. They also seek to enjoin Defendants from enforcing the Plan's unlawful amendment and request the Court to order Defendants to bring the terms of the Plan into compliance with ERISA's requirements.

## II. JURISDICTION AND VENUE

2. Jurisdiction over this action is based on ERISA, Section 502(e)(1), 29 USC § 1132(e)(1); and on 28 USC § 1331(a), because this action arises under the laws of the United States, namely ERISA.

3. Declaratory and injunctive relief are authorized by 28 USC § 2201 and 2202, respectively, by Rules 57 and 65 of the Federal Rules of Civil Procedure and by ERISA Sections 502(a)(1)(B) and 502(a)(3), 29 USC §§1132(a)(1)(B) and (a)(3).

4. Venue in this District is proper pursuant to ERISA § 502(e)(2), 29 USC § 1132(e)(2), because at least one of the Plaintiffs resides in this District.

## III. EXHAUSTION OF REMEDIES

5. Exhaustion of Plan remedies is not required because the issues involved in this action

are only issues of law.

## IV. PARTIES

Plaintiffs

6. Plaintiff Rafael Alcantara is a participant in the Bakery and Confectionery Union and Industry International Pension Fund Pension Plan, within the meaning of ERISA Section 3(7), 29 USC § 1002(7). He resides in Yonkers, New York. He worked in covered employment within the meaning of the Plan from 1993 to 2009, when he left covered employment as a vested participant.

7. Plaintiff Alonso Gomez is a participant in the Bakery and Confectionery Union and Industry International Pension Fund Pension Plan, within the meaning of ERISA Section 3(7), 29 USC § 1002(7). He resides in New York, New York. He worked in covered employment within the meaning of the Plan from 1989 to 2009.

8. Plaintiff Vasilichia Babu is a participant in the Bakery and Confectionery Union and Industry International Pension Fund Pension Plan, within the meaning of ERISA Section 3(7), 29 USC § 1002(7). He resides in Bronx, New York. He worked in covered employment within the meaning of the Plan from 1980 to 2009.

9. Plaintiff Khim Chand is a participant in the Bakery and Confectionery Union and Industry International Pension Fund Pension Plan, within the meaning of ERISA Section 3(7), 29 USC § 1002(7). He resides in Queens, New York. He worked in covered employment within the meaning of the Plan from 1991 to 2009.

10. Plaintiff Angel De La Cruz is a participant in the Bakery and Confectionery Union and Industry International Pension Fund Pension Plan, within the meaning of ERISA Section 3(7), 29 USC § 1002(7). He resides in New York, New York. He worked in covered employment within

3

the meaning of the Plan from 1988 to 2009.

11. Plaintiff Tesfaye Ghebremedhin is a participant in the Bakery and Confectionery Union and Industry International Pension Fund Pension Plan, within the meaning of ERISA Section 3(7), 29 USC § 1002(7). He resides in Bronx, New York. He worked in covered employment within the meaning of the Plan from 1987 to 2009.

12. Plaintiff Rathin Dutta Gupta is a participant in the Bakery and Confectionery Union and Industry International Pension Fund Pension Plan, within the meaning of ERISA Section 3(7), 29 USC § 1002(7). He resides in Edison, New Jersey. He worked in covered employment within the meaning of the Plan from 1990 to 2009.

13. Plaintiff Celestino Juarez is a participant in the Bakery and Confectionery Union and Industry International Pension Fund Pension Plan, within the meaning of ERISA Section 3(7), 29 USC § 1002(7). He resides in Bronx, New York. He worked in covered employment within the meaning of the Plan from 1987 to 2009.

14. Plaintiff Luis Mejia is a participant in the Bakery and Confectionery Union and Industry International Pension Fund Pension Plan, within the meaning of ERISA Section 3(7), 29 USC § 1002(7). He resides in Bronx, New York. He worked in covered employment within the meaning of the Plan from 1993 to 2009.

15. Plaintiff Antonio Merolla is a participant in the Bakery and Confectionery Union and Industry International Pension Fund Pension Plan, within the meaning of ERISA Section 3(7), 29 USC § 1002(7). He resides in Bronx, New York. He worked in covered employment within the meaning of the Plan from 1981 to 2009.

16. Plaintiff Rolando Montano is a participant in the Bakery and Confectionery Union and Industry International Pension Fund Pension Plan, within the meaning of ERISA Section 3(7), 29 USC § 1002(7). He resides in Bronx, New York. He worked in covered employment within the meaning of the Plan from 1989 to 2009.

17. Plaintiff Russell Neubert is a participant in the Bakery and Confectionery Union and Industry International Pension Fund Pension Plan, within the meaning of ERISA Section 3(7), 29 USC § 1002(7). He resides in Bronx, New York. He worked in covered employment within the meaning of the Plan from 1987 to 2009.

18. Plaintiff Tagliareni Salvatore is a participant in the Bakery and Confectionery Union and Industry International Pension Fund Pension Plan, within the meaning of ERISA Section 3(7), 29 USC § 1002(7). He resides in Mahopac, New York. He worked in covered employment within the meaning of the Plan from 1984 to 2009.

19. Plaintiff Musovic Smail is a participant in the Bakery and Confectionery Union and Industry International Pension Fund Pension Plan, within the meaning of ERISA Section 3(7), 29 USC § 1002(7). He resides in Bronx, New York. He worked in covered employment within the meaning of the Plan from 1990 to 2009.

20. Plaintiff Juan F. Torres is a participant in the Bakery and Confectionery Union and Industry International Pension Fund Pension Plan, within the meaning of ERISA Section 3(7), 29 USC § 1002(7). He resides in Bronx, New York. He worked in covered employment within the meaning of the Plan from 1993 to 2009.

Defendants

21. Defendant Bakery and Confectionery Union and Industry International Pension Fund

Pension Plan (the "Plan") is an "employee pension benefit plan" within the meaning of ERISA § 3(2)(A), 29 USC § 1002(2)(A), and more precisely, a "defined benefit plan" within the meaning of ERISA § 3(35), 29 U.S.C. § 1002(35). Its offices are located at 10401 Connecticut Avenue, Kensington, Maryland, 20895-3960.

22. Defendant Bakery and Confectionery Union and Industry International Pension Fund Board of Trustees ("the Board of Trustees") is the Administrator of the Plan, within the meaning of ERISA § 3(16)(A)(i), 29 USC §1002(16)(A)(i), a Plan Fiduciary within the meaning of ERISA 2(21)(A), 29 U.S.C. §1002(21(a) and the "named fiduciary" of the Plan with the authority and control to manage the operation and administration of the Plan within the meaning of ERISA § 402(a), 29 U.S.C. §1102(A). The Board of Trustees' offices are also located at 10401 Connecticut Avenue, Kensington, Maryland, 20895-3960.

## V. CLASS ACTION ALLEGATIONS

23. Plaintiffs bring this action on their own behalf and, pursuant to the provisions of the Federal Rules of Civil Procedure, on behalf of a class of all others similarly situated, defined as all Plan participants, whether active, inactive or retired, their beneficiaries and Estates, whose pension benefits are based on the Plan's Golden 80 or Golden 90 rules.

24. The requirements for maintaining this action as a class action under Rule 23(b)(1) and (b)(2), Federal Rules of Civil Procedure, are satisfied in that:

(a) The class is large in number; the exact number and identities of all class members are currently unknown to Plaintiffs, but are known to Defendants. The number of class members is believed to be in the thousands;

(b) The members of the class are so numerous that joinder of all members is

impracticable;

(c) There are questions of law common to all members of the class, namely whether the amendment to Plan G and Plan C's Golden 80 and Golden 90 rules, respectively, violate ERISA's anti-cutback rule and, if so, how to bring the Plans into compliance with ERISA;

(d) Plaintiffs are members of the class as defined above; their claims are typical of the claims of the members of the class and they will fairly and adequately protect the interests of the class. Plaintiffs' interests are coincidental with, and not antagonistic to those of the remainder of the class, and Plaintiffs are represented by experienced ERISA counsel;

(e) The prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications establishing incompatible standards of conduct for Defendants and a risk of adjudications which as a practical matter would be dispositive of the interests of other members of the class who were not parties; and

(f) Defendants have acted and/or refused to act and are likely to act and/or refuse to act on grounds generally applicable to the class, thereby making appropriate final injunctive and other relief with respect to the class as a whole.

## VI. **FACTS**

25. The Plan covers tens of thousands of participants and their beneficiaries throughout the United States who work in large shops and small retail shops in the bakery and confectionery industry.

26. The Plan's Plan C - Golden 90 plan provides that when a participant's age (in years and months) and service (in years and months) equal 90, the participant is entitled to retire at the full benefit level, except that participants who commenced participation after December 3, 1998 must

have a minimum of 10 years of service.

27. The Plan's Plan G - Golden 80 plan provides that when a participant's age (in years and months) and service (in years and months) equal 80, the participant is entitled to retire at the full benefit level, except that participants who commenced participation after December 3, 1998 must have a minimum of 10 years of service.

28. At all relevant times prior to July 1, 2010, a participant who retired before normal retirement age could leave covered employment and receive his or her normal retirement age pension as soon as he or she "ages into" the necessary 90 or 80 years of combined age and service, without any reduction in the pension benefit due to early receipt of the benefit before normal retirement age and without ever returning to work in covered employment.

29. At all relevant times prior to July 1, 2010, a surviving spouse whose participant spouse dies before reaching the necessary 90 or 80 years of combined age and service could defer receipt of the pension benefit until the date when the participant spouse would have "aged into" the necessary 90 or 80 years of combined age and service and receive the normal retirement age pension at that time, without any reduction in the pension benefit due to early receipt of the benefit before normal retirement age.

30. Effective July 1, 2010, the Plan was amended to no longer permit participants and their beneficiaries to "age into" the necessary 80 or 90 combined years of service without any reduction in the pension benefit due to early receipt of the benefit before normal retirement age and without ever returning to covered employment. While the amendment provides that if a participant (and their beneficiary) is covered by a contract for Golden 80 or Golden 90 benefits and the sum of the participants' ages and service has already reached 80 (for Golden 80 pension) or 90 (for Golden

90 pension) on or before June 30, 2010, the participant (and their beneficiary) would not be affected by this amendment.

31. The Plaintiffs and their beneficiaries and all others similarly situated left covered employment before June 30, 2010 and will not reach the required plateaus of Plan (90) and Plan G (80) by June 30, 2010 without being permitted to "age into" compliance with these rules. Those affected left employment knowing and expecting they would meet the Plan C and Plan G requirements through the "age into" process established by the rule.

32. Meeting the Plan C (90) and Plan G (80) requirements enables participants and their beneficiaries to obtain the full benefit level without returning to covered employment and without deferring receipt of their benefits to normal retirement age. The removal of this long-standing established Plan criteria for those who retired before the amendment, expecting and knowing they would be eligible for it, constitutes a retroactive reduction of a benefit that the Plaintiffs (and their beneficiaries) already accrued prior to the time they ceased to work in covered employment.

## VII. CLAIM FOR RELIEF

33. The Plaintiffs repeat and reallege paragraphs "1" through "32" as if fully set forth herein.

34. The amendment to the Plan, which became effective July 1, 2010, retroactively reduces the benefit already accrued by participants (and their beneficiaries) who left covered employment because they had already commenced the process of meeting the Plan C (90) and Plan G (80) requirement at the time they ceased working. The rule permitting them to "age into" to meet this requirement does not require that they work additional hours, or obtain additional years of past or future service credit. All they need to do is live long enough to meet the rule of 80 or 90. Taking

away this already accrued benefit violates ERISA's anti-cutback provision, ERISA §204(g), 29 U.S.C. §1054(g). The amendment in question significantly reduces the amount of the pension available to those who left covered employment before the rule was changed and who did not meet its "age into" requirement by June 30, 2010 (as required by the unlawful amendment).

## VIII. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Court enter judgment as follows:

A. Certifying this action as a class action;

B. Declaring that the Plan's amendment violates ERISA Section 204(g);

C. Enjoining Defendants from enforcing the Plan's unlawful amendment;

D. Ordering Defendants, retroactive to the effective date of the amendment, to recalculate the accrued benefits of all Class members who left covered employment prior to July 1, 2010 who did not "age into" meeting the requirements of Plan G and Plan C prior to June 30, 2010, and to pay the difference with interest in the amount of the pensions they would have received had these plans not been unlawfully amended, and to continue to calculate their pensions in this manner when they "age into" meeting these requirements for those who have not already done so.

E. Awarding Plaintiffs

(1) their costs, disbursements and expenses herein;

(2) a bonus as a reward for having acted as Class Representatives;

(3) reasonable attorney's fees; and

F.   Awarding the Class such other and further relief as the Court may deem just, proper and equitable.

Dated: White Plains, New York  
March 3, 2011

Yours, etc.,

**SAPIR & FRUMKIN LLP**

By: /s/ William D. Frumkin  
William D. Frumkin (WF 2173)  
399 Knollwood Road, Suite 310  
White Plains, New York 10603  
(914) 328-0366  
*Attorneys for Plaintiffs*

F:\APPLICAT\WP\Gomez, et al\Complaint.wpd\rlh\dp\rlh